IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CONCRETE PUMPING, INC., a Colorado corporation; SOUTHWEST CONCRETE PUMPING, INC., a Colorado corporation; AJ CONCRETE PUMPING II, INC., a Georgia corporation; JEFFREY MOLL, an individual residing in and citizen of Colorado; THOMAS M. ANDERSON, an individual residing in and citizen of Florida; STEVEN ROBERT ROSENDALE, an individual residing in and citizen of Colorado; PETER G. DeGROOD, an individual residing in and citizen of Colorado; MDRA LAND INVESTMENT, LLC, a Colorado limited liability company; MOBILE CONCRETE PUMP REPAIR, LLC, a Colorado limited liability company; PATRIOT CONCRETE PUMPING, LLC, a Colorado limited liability company; PATRIOT LEASCO, LLC, a Colorado limited liability company; SWCP LIMITED LIABILITY COMPANY, a Colorado limited liability company; and SOUTHWEST PAYROLL, LLC, a Colorado limited liability company,<br><br>Defendants. | Case No. 12CV00679 |

## TEMPORARY RESTRAINING ORDER AND ORDER OF REPLEVIN

This matter comes before the Court on the Motion of Plaintiff, General Electric Capital Corporation ("GE Capital"), for an Order of Replevin, Temporary Restraining Order, and Preliminary Injunction (the "Motion"). Due and proper notice having been given to Defendants, Central Concrete Pumping, Inc. ("Central Concrete"), Southwest Concrete Pumping, Inc.

("Southwest Concrete"), AJ Concrete Pumping II, Inc. ("AJ Concrete" and, together with Central Concrete and Southwest Concrete, the "Debtors"), Jeffrey Moll, Thomas M. Anderson, Steven Robert Rosendale, Peter G. DeGrood, MDRA Land Investment, LLC, Mobile Concrete Pump Repair, LLC, Patriot Concrete Pumping, LLC, Patriot Leaseco, LLC, SWCP Limited Liability Company, and Southwest Payroll, LLC; the Court having subject matter and personal jurisdiction over the Defendants and the matters set forth in the Verified Complaint; the Court having considered the Verified Complaint and the exhibits attached thereto, the Motion, the Affidavit of William A. Eynon (the "Eynon Affidavit"), and GE Capital's Memorandum in support of the Motion; and the Court being otherwise duly advised in the premises;

IT IS HEREBY PROVISIONALLY FOUND THAT:

1. The Defendants are in payment default under the Agreements.[1]

2. GE Capital possesses a first priority security interest in the Vehicles, as more fully described in the Schedules and Equipment Lists attached to this Order as Exhibit A.

3. The Agreements entitle GE Capital to repossess and remove the Vehicles in the event of a payment default by the Debtors.

4. To date, the GE Capital has not reclaimed, and the Debtors have not returned, the Vehicles.

5. The inability of the Debtors to satisfy their arrearages to GE Capital indicates that the Debtors likely would be unable to pay any substantial money judgment entered against them.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.

6. The Debtors have or should have mechanisms which enable them to identify the location and operational status of the Vehicles.

7. GE Capital will suffer irreparable injury for which no adequate remedy at law exists unless the Debtors and other persons and firms having knowledge of this injunction are: (a) enjoined from continuing to use the Vehicles; (b) prevented from utilizing the Vehicles; (c) ordered to advise GE Capital of the precise location of each of the Vehicles; and (d) ordered to surrender the Vehicles to GE Capital.

Based on these provisional findings, the Verified Complaint and exhibits attached thereto, IT IS HEREBY ORDERED THAT, effective immediately:

(a) The Motion is hereby granted.

(b) The Debtors, and any of their responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), any other of the Defendants, and any other person or entity in active concert or participation with them having actual notice of this Order by personal service or otherwise, are hereby enjoined and restrained as follows:

A. from using, leasing, encumbrancing, hypothecating, liening, assigning, pledging, selling, transferring, or disposing of the Vehicles either in the operation of the business of the Debtors or otherwise, except as may be necessary to move or transport the Vehicles in order to comply with this Order; and with the further exception that Debtors may use the Vehicles in the Debtors' normal operation of their business until such time as GE Capital, in its sole discretion, notifies Debtors to cease such use, with such notification to be effective and deemed delivered to Debtors when sent by GE Capital's representative, including by its counsel in this matter, to the e-mail address of Debtors' current counsel, Michael J. Guyerson, Esq., at

mguyerson@osglaw.com, Christian C. Onsager, Esq. at consager@osglaw.com and Andrew Johnson, Esq. at ajohnson@osglaw.com (the "E-Mail Notification"). To the extent that the Debtors' are in the process of using the Vehicles for normal pumping operations at the time of the delivery of the E-Mail Notification, then the Debtors are permitted promptly to conclude such pumping operations and immediately thereafter cease any and all use of the Vehicles in the normal operation of their business;

      B.    restricting, limiting, or conditioning either the access of GE Capital to the Vehicles or GE Capital's ability to take possession of the Vehicles except as may be consistent with the above subparagraph (b)(A) of this Order.

(c)    The Debtors, and any of their responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), any other of the Defendants, and any other person or entity in active concert or participation with them having actual notice of this Order by personal service or otherwise, are hereby required to:

      A.    contact GE Capital's representative, as set forth in Paragraph "(e)" below, by the end of the next business day following entry of this Order, and at that time disclose the precise location of each of the Vehicles; and

      B.    by the end of the second business day following GE Capital's delivery of the E-Mail Notification to Debtors (as provided in the above subparagraph (b)(A) of this Order), surrender the Vehicles in their possession, custody, or control to GE Capital at one or more locations to be designated by GE Capital's representative and take all actions necessary to allow GE Capital to obtain access to and possession of the Vehicles, including terminating sub-leases, if any, and obtaining the Vehicles from any third parties who may have possession, custody, or control over the Vehicles, including but not limited to third party sub-lessors.

(d) The Debtors shall immediately notify all responsible managing agents, officers, directors, and employees of the Debtors of the entry of this Order and the terms hereof.

(e) Plaintiffs' representative for purposes of this order is:

William A. Eynon
Phone: 203-749-6621
e-mail address: william.a.eynon@ge.com

(f) To the extent Paragraphs "(b)" through "(d)" are not satisfied, GE Capital is entitled to take discovery with respect to those issues on an expedited basis. The Defendants shall respond to interrogatories, requests to produce documents, and request for admissions within 3 business days after service. Service of such discovery requests may be by overnight delivery directed to the party's last known address, unless the Defendants notify GE Capital of other addresses to be used for this purpose. GE Capital may take depositions of the Defendants and non-party witnesses upon 48-hour notice to the other parties.

(g) This Temporary Restraining Order is effective without the necessity of posting a bond.

(h) The Plaintiff is entitled to judgment for possession of the described Vehicles as listed in Exhibit A. There is reasonable and probable cause to believe that the Vehicles are located in Colorado (eight of the Vehicles), Arizona (eight of the vehicles) and Georgia (one of the vehicles). Plaintiff is entitled to recover the value of such property, if the property is not delivered, plus court costs.

(i) ~~Further hearing on the Motion is set for _____, 20__, at ____.~~



Enter:

_____
United States District Judge/~~Magistrate~~

Dated: ~~March~~ April 2, 2012

Order Prepared By:

Frank W. Visciano
Erich L. Bethke
Sean Visciano Canges P.C.
1801 California Street, #4300
Denver, Colorado 80202-2604
(303) 298-1122

Alexander Terras
Timothy S. Harris
Reed Smith LLP
10 South Wacker Drive, #4000
Chicago, Illinois 60606
(312) 207-1000