IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00679-RBJ

GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,

     Plaintiff,

v.

CENTRAL CONCRETE PUMPING, INC., a Colorado corporation;
SOUTHWEST CONCRETE PUMPING, INC., a Colorado corporation;
AJ CONCRETE PUMPING II, INC., a Georgia corporation;
JEFFREY MOLL, an individual residing in and citizen of Colorado;
THOMAS M. ANDERSON, an individual residing in and citizen of Florida;
STEVEN ROBERT ROSENDALE, an individual residing in and citizen of Colorado;
PETER G. DeGROOD, an individual residing in and citizen of Colorado;
MDRA LAND INVESTMENT, LLC, a Colorado limited liability company;
MOBILE CONCRETE PUMP REPAIR, LLC, a Colorado limited liability company;
PATRIOT CONCRETE PUMPING, LLC, a Colorado limited liability company;
PATRIOT LEASCO, LLC, a Colorado limited liability company;
SWCP LIMITED LIABILITY COMPANY, a Colorado limited liability company; and
SOUTHWEST PAYROLL, LLC, a Colorado limited liability company,

     Defendants.

---

## ORDER

---

     This order addresses all motions pending before the Court.

**Facts**

     This suit arises from a loan that the plaintiff, General Electric Capital Corporation ("GE Capital"), made to defendants Central Concrete, Southwest Concrete, and AJ Concrete ("the borrowers") in the amount of $7,151,330 pursuant to a Master Security Agreement. The borrowers' performance was guaranteed by four individuals (Jeffery Moll, Thomas Anderson, Steven Rosendale and Peter DeGrood) and six limited liability companies (MDRA Land Investment, LLC; Mobile Concrete Pump Repair, LLC; SWCP Limited Liability Company;

Southwest Payroll, LLC; Patriot Concrete Plumbing, LLC; and Patriot Leasco, LLC) (the "LLC Guarantors").  GE Capital alleges that the defendants also entered into a Forbearance and Modification Agreement in September 2009 and agreed to amendments to the Forbearance and Modification Agreement in June 2010 and February 2011.

GE Capital alleges that the borrowers went into default under these agreements beginning on February 20, 2012 when amounts due were not paid.  It filed this suit on March 16, 2012. This Court issued a temporary restraining order on April 2, 2012 [#25] enjoining the borrowers from using, leasing, selling, transferring, or disposing of the vehicles described in the security agreement.  On April 12, 2012 a notice was filed indicating that the three borrowers had filed voluntary bankruptcy petitions on April 10, 2012, and that automatic stays had been entered as to the claims against them.

On June 12, 2012 GE Capital filed a motion for entry of a default judgment against MDRA Land Investment, LLC; Mobile Concrete Pump Repair, LLC; SWCP Limited Liability Company; and Southwest Payroll, LLC  [#38].  It simultaneously filed a motion for summary judgment against the other guarantor defendants [#39].  On June 13, 2012 GE Capital filed an amended motion for entry of default judgment [#41], rendering #38 moot.  The Clerk's Office declined to enter a default, because the materials submitted in support of the motion were not complete [#42].  Plaintiffs then submitted a supplemental affidavit [#44] which it deemed also to be an amended motion for entry of a default judgment, although no amended motion as such was filed.

Patriot Concrete Plumbing, LLC and Patriot Leasco, LLC responded [# 54], alleging that the guaranty agreements contained forged signatures of their manager.  In its reply [# 56], GE Capital acknowledged that whether a document is a forgery is a fact question and thus withdrew

its motion for summary judgment in regard to Patriot Concrete Plumbing, LLC and Patriot

Leasco, LLC.

On July 10, 2012 individual guarantors Moll, Anderson and DeGrood moved [#53] for an

order staying resolution of the motion for summary judgment pending resolution of jurisdictional

issues; they contend that this Court does not have jurisdiction because of a forum selection

clause in the guaranties.  Individual guarantor Rosendale filed a joinder in that motion [#55].

Mssrs. Moll, Anderson and DeGrood later filed a motion to dismiss for lack of jurisdiction

and/or improper venue [#67].  Mr. Rosendale filed a joinder to that motion [#68].

On October 31, 2012 the four individual guarantors filed a motion to amend their answers

to the complaint [#87].  On December 11, 2012 defendant Moll filed notice of a bankruptcy

filing and the automatic stay of actions against him that issued with it [#88].

**Conclusions**

**A.  <u>Claims Against Individual Guarantors</u>.**

The four individual guarantors signed identical guaranties [#1-5] containing both choice

of laws and forum selection clauses.  The choice of law clause provided, "[t]his Guaranty shall

be governed by, or construed in accordance with, the laws of the State of Connecticut."

Accordingly, this Court will apply the laws of Connecticut in interpreting the forum selection

clause.

The forum selection clause provides:

THE UNDERSIGNED IRREVOCABLY SUBMITS TO THE EXCLUSIVE
JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN
THE STATE OF CONNECTICUT TO HEAR AND DETERMINE ANY SUIT,
ACTION OR PROCEEDING AND TO SETTLE ANY DISPUTES, WHICH
MAY ARISE OUT OF OR IN CONNECTION HEREWITH AND WITH THE
ACCOUNT DOCUMENTS (COLLECTIVELY, THE "PROCEEDINGS"), AND
THE UNDERSIGNED FURTHER IRREVOCABLY WAIVES ANY RIGHT IT

MAY HAVE TO REMOVE ANY SUCH PROCEEDINGS FROM ANY SUCH COURT (EVEN IF REMOVAL IS SOUGHT TO ANOTHER OF THE ABOVE-NAMED COURTS).  THE UNDERSIGNED IRREVOCABLY WAIVES ANY OBJECTION WHICH IT MIGHT NOW OR HEREAFTER HAVE TO THE ABOVE-NAMED COURTS BEING NOMINATED AS THE EXCLUSIVE FORUM TO HEAR AND DETERMINE ANY SUCH PROCEEDINGS AND AGREES NOT TO CLAIM THAT IT IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF THE ABOVE-NAMED COURTS FOR ANY REASON WHATSOEVER, THAT IT OR ITS PROPERTY IS IMMUNE FROM LEGAL PROCESS FOR ANY REASON WHATSOEVER, THAT ANY SUCH COURT IS NOT A CONVENIENT OR APPROPRIATE FORUM IN EACH CASE WHETHER ON THE GROUNDS OF VENUE OR FORUM NON-CONVENIENS OR OTHERWISE.  THE UNDERSIGNED ACKNOWLEDGES THAT BRINGING ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY COURT OTHER THAN THE COURTS SET FORTH ABOVE WILL CAUSE IRREPARABLE HARM TO PAYEE WHICH COULD NOT ADEQUATELY BE COMPENSATED BY MONETARY DAMAGES, AND, AS SUCH, THE UNDERSIGNED AGREES THAT, IN ADDITION TO ANY OF THE REMEDIES TO WHICH PAYEE MAY BE ENTITLED AT LAW OR IN EQUITY, YOU WILL BE ENTITLED TO AN INJUNCTION OR INJUNCTIONS (WITHOUT THE POSTING OF ANY BOND AND WITHOUT PROOF OF ACTUAL DAMAGES) TO ENJOIN THE PROSECUTION OF ANY SUCH PROCEEDINGS IN ANY OTHER COURT.  Notwithstanding the foregoing, you and the undersigned shall have the right to apply to a court of competent jurisdiction in the United States of America or abroad for equitable relief as is necessary to preserve, protect and enforce its respective rights under this Guaranty and the Account Documents, including, but not limited to orders of attachment or injunction necessary to maintain the status quo pending litigation or to enforce judgments against the undersigned, the Customer or the collateral pledged to you pursuant to any Account Document or to gain possession of such collateral.

4

Individual Guaranty at 3-4.  "Undersigned" refers to the individual debtors, and "you" refers to GE Capital.

The parties agree that the individual guaranties contain a valid forum selection clause. However, the parties now dispute whether the forum selection clause is mandatory or permissive, that is, whether it obligates both parties or only the defendants bring suit exclusively in Connecticut.

"Connecticut case law is clear that the courts will uphold an agreement of the parties to submit to the jurisdiction of a particular tribunal." *Phoenix Leasing, Inc. v. Kosinski,* 707 A.2d 314 (Conn. 1998); *see also United States Trust Co. v. Bohart,* 495 A.2d 1034, 1040 (Conn. 1985).  "The general rule . . . is that a forum selection clause conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion. . . . Connecticut case law also appears to impose the requirement that the language of the clause indicate that the forum choice is exclusive." *Friedman v. Jamison Business Systems, Inc.*, 31 Conn. L. Rptr. 473, *2, (Conn. Super. Ct. 2002).

In its briefing, the plaintiff points to two cases where courts determined that the forum selection clause at issue was one sided and did not apply to the plaintiff, *General Electric Capital Corporation v. John Carlo, Inc.,* No. 10-11868, 2010 WL 3937313 (E.D. Mich. Oct. 5, 2010) and *VFS Financing v. Trishan Air, Inc.,* No. 1305453 (Cal. Super. Ct May 6, 2009)(unpublished).  Plaintiffs did not cite *General Electric Capital Corp. v. Metz Family Enterprise,* 52 Conn. L. Rptr. 386. 2011 WL 4447276 (Conn. Super. Ct. September 8, 2011).

In *Metz,* a Connecticut case decided by a Connecticut judge, the forum selection clause was substantially identical to the clause at issue here except that it specified "state and federal courts located in the state of New York" as the chosen forum.  When Metz defaulted, GE Capital

brought a suit against Metz seeking to obtain an order of attachment, a prejudgment remedy under Connecticut law, in state court in Connecticut.  Metz filed a motion to dismiss arguing that the forum selection clause limited jurisdiction to courts located in the State of New York.[1]

First, the court analyzed whether the forum selection clause was mandatory or permissive, because to be enforceable, "'[t]he choice of forum must be mandatory rather than permissive.'"  *Id.* at *9 (quoting *Alliance Food management Corp. v. Rensselaer Hartford Graduate Center, Inc.,* 43 Conn. L. Rptr. 146 (Conn. Super. Ct. 2007)).  The court determined that "the promissory note does contain exclusive jurisdiction language which would appear to create a mandatory forum selection clause requiring that an action on the promissory note be brought in New York."  *Id.*  The court also acknowledged that the language at the end of the clause about bringing suits for equitable relief in courts of competent jurisdiction did make the clause permissible for suits seeking equitable relief.  *Id.*

Next, the court analyzed which parties and claims were subject to the forum selection clause.  The court concluded that "the plaintiff and Metz Family are subject to the forum selection clause."  *Id.*  Unlike in this case, because GE Capital was seeking an equitable remedy, the Connecticut court held that "although the forum selection clause covers both the plaintiff and Metz Family, the court concludes that it does not have mandatory force or confer exclusive New York jurisdiction over claims involving orders of attachment."  *Id.* at 11.

The defendants' argument is further bolstered by GE Capital's own pleadings filed in federal court in Connecticut in 2009 in a dispute concerning the same loan at issue here.  *General Electric  Capital Corp. v. Jeffrey Moll,* No. 09-1068 (D. Conn.).  In its complaint [filed as #53-1 in the present case] GE Capital alleged that "[t]he Guarantors have each submitted to the

---

[1] The contract in dispute in *Metz* also included a choice of law clause selecting the laws of the state of New York. Despite this clause, the court analyzed the clause under Connecticut law without further explanation.

jurisdiction of this Court in the Guaranties (as defined below), and the parties have agreed to hear all disputes arising out of the Guaranties (as defined below) in this Court." *Id.* ¶10.  Also, "[v]enue is also proper in this Court pursuant to the parties express agreement in the Guaranties (as defined below) to hear all dispute[s] relating thereto in this Court." *Id.* ¶ 12.  Contract interpretation is a "question of the parties' intent." *Poole v. City of Waterbury,* 831 A.2d 211, 224 (Conn. 2003).  Under Connecticut law, "[e]xtrinsic evidence is always admissible . . . to explain an ambiguity appearing in the instrument." *Id.* at 225.  These statements in the pleadings support the interpretation that GE Capital intended to be bound by the forum selection clause.

GE Capital now argues that its complaint in the latter federal case is not helpful, because it does not allege that the parties "agreed to hear all disputes arising out of the Guaranties *only* in Connecticut."  I disagree.  The modifier "*only*" is not necessary, because the pleadings already use the word "*all*," i.e. that the parties had agreed that all disputes relating to the loan agreement would be heard in the Connecticut court.  GE Capital drafted the forum selection clause.  If it had wished to make the forum selection clause permissive it could have done so clearly.  This Court interprets the clause to require that litigation concerning this loan must take place in a Connecticut court regardless whether the case was filed by the lender, the borrowers, or the guarantors.  Accordingly, the individual guarantors' motion to dismiss for improper venue must be granted.  That includes defendant Moll.  The automatic stay that became effective upon the filing of his bankruptcy petition precludes the commencement or continuation of an action against him, not the dismissal of such an action.

### B.  <u>Motion for Default Judgment</u>.

Jeffery Moll signed waivers of service for all of the guarantor companies except Patriot Leasco, LLC, as well as a waiver of service for himself individually on March 26, 2012 [#12, 16,

17, 18, 19, 20].  Patriot Leasco was served on March 29, 2012.  Patriot Concrete Pumping and

Patriot Leasco, through counsel, filed an Answer [#33].  The other LLC guarantors did not

respond to the Complaint.  Therefore, GE Capital filed a motion for default judgment against

MDRA Land Investment, Mobile Concrete Pump Repair, SWCP Limited Liability Company,

and Southwest Payroll [#41].[2]

The Patriot defendants' response to GE Capital's motion for summary judgment [#54]

asserted that Mr. Moll forged their manager's name on their guaranties, and that he did not have

the authority to bind them.  As mentioned earlier, this raised an issue of fact, and GE Capital

withdrew its motion as to those defendants.  Mr. Moll had purported to waive service on behalf

of Patriot Concrete Pumping [#18].  Although Patriot Concrete Pumping did not dispute service,

and in any event its allegations concerning Mr. Moll remain unproven at this point, nevertheless,

the allegations call into question Mr. Moll's ability to bind any of the LLC companies when he

waived service on their behalf.

"A trial court is vested with broad discretion in deciding a default judgment question."

*Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).  Under Rule 55(b) in the Federal

Rules of Civil Procedure: "The court may conduct hearings or make referrals--preserving any

federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: . . . (C)

establish the truth of any allegation by evidence; or (D) investigate any other matter."  At this

point the Court is not convinced that Mr. Moll had authority to waive service on behalf of the

LLC guarantors that did not respond to the complaint.  Accordingly, the motion for a default

judgment is denied.  It can be re-filed if plaintiff can establish that Mr. Moll did have authority to

waive service on those defendants' behalf.

---

[2] Unlike the individual guaranties, the guaranties that these defendants signed did not contain a forum selection
clause.  As such, this Court is a proper venue to pursue claims on their guaranties.

**Order**

1. Motion #38 is MOOT.

2. Motion #39 is DENIED.

3. Motion #41 is DENIED

4. Motion #53 is MOOT.

5. Motion #67 is GRANTED.  The claims against defendants Moll, Anderson, DeGrood and Rosendale are dismissed without prejudice.

6. Motion #87 is MOOT.

DATED this 4th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge